UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| SWISS REINSURANCE AMERICA CORPORATION, A New York corporation, <br><br> Plaintiff, <br><br> v. <br><br> THE PHINEAS CORPORATION, A Florida corporation, <br><br> Defendant. | Case No. 03-22921 CIV-ALTONAGA <br> Magistrate Bandstra <br> (Pending in the Southern District of Florida) <br><br> Misc Bus Docket <br> Multi-District Business No. _____ <br> 04MBD 10208 |

## LIBERTY MUTUAL INSURANCE COMPANY AND GARY R. GREGG'S EMERGENCY MOTION TO QUASH THIRD-PARTY SUBPOENAS

Liberty Mutual Insurance Company ("Liberty") and Gary R. Gregg ("Gregg"), who is Director and Executive Vice President of Liberty, hereby move pursuant to Fed. R. Civ. P. Rules 26 and 45 to quash the third-party subpoenas (the "Subpoenas") served upon them by defendant The Phineas Corporation ("Phineas") in connection with the above-captioned litigation that is pending in the Southern District of Florida (the "Florida Litigation").

The key issue in dispute in the Florida Litigation is whether a 1999 Indemnity Agreement, *to which Liberty is not a party*, requires Phineas or plaintiff Swiss Reinsurance America Corporation ("SwissRe") to replace a bond previously issued on Phineas' behalf (for the benefit of Liberty and its affiliate) by a now-insolvent entity. The Subpoenas, however, largely seek information about a 1999 workers' compensation policy (the "Policy") that Liberty and its affiliate issued to Phineas, security arrangements related the Policy, and other broad and unrelated topics. In light of this background, the

Subpoenas are unduly burdensome and should be quashed because, *inter alia,* they seek testimony regarding information that is not reasonably calculated to lead to the discovery of admissible evidence. Instead, the Subpoenas appear to be targeted toward coercing Liberty into releasing Phineas from certain of its security obligations under the Policy (to wit, the defaulted-upon bond). This appears to be especially true with regard to Phineas' insistence that it depose Gregg, who is a senior executive at Liberty, and who has had no direct involvement with the Policy, the security arrangements associated with the Policy, or the current dispute between Phineas and SwissRe.

WHEREFORE, for the reasons set forth herein, in Liberty and Gregg's accompanying Memorandum of Law, and in the Affidavits of Gary R. Gregg, Mark Savage, and Sara Jane Shanahan, which are filed herewith, Liberty and Gregg respectfully request that the Court: (1) quash the deposition subpoena served on Gregg; (2) quash the deposition subpoena served on Liberty; and (3) award Liberty and Gregg their reasonable attorneys' fees and costs associated with prosecution of this motion.

## CERTIFICATION PURSUANT TO LOCAL RULES 7.1(A)(2) AND 37.1(B)(2)

Counsel for Liberty and Mr. Gregg hereby certify that on July 16, 2004, at approximately 4 p.m., Daniel P. Tighe conferred via telephone with Steven M. Weinger, counsel for Phineas, and in good faith attempted to resolve or narrow the issues set forth in this motion. Because Mr. Weinger insisted, as a condition for any compromise, that Mr. Gregg appear for deposition, no compromise was reached.

## REQUEST FOR ORAL ARGUMENT

Pursuant to Local Rule 7.1(D), Liberty and Gregg request a hearing on their Emergency Motion to Quash Third-Party Subpoenas.

Respectfully submitted by,

LIBERTY MUTUAL INSURANCE COMPANY and GARY R. GREGG,

By their attorneys,

*/s/ Sara Jane Shanahan*
Daniel P. Tighe (BBO#556583)
Sara Jane Shanahan (BBO#567837)
Griesinger, Tighe & Maffei, LLP
176 Federal Street
Boston, Massachusetts 02110
(617) 542-9900

Dated: July 22, 2004

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party by mail/hand/facsimile on:
7/22/04  */s/ Sara Jane Shanahan*

3