UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|   |   |
|---|---|
| SWISS REINSURANCE AMERICA CORPORATION, A New York corporation,<br><br>Plaintiff,<br><br>v.<br><br>THE PHINEAS CORPORATION, A Florida Corporation,<br><br>Defendant. | Case No. 03-22921 CIV-ALTONAGA<br>Magistrate Bandstra<br>(Pending in the Southern District of Florida)<br><br>Multi-District Business No. _____ |

### AFFIDAVIT OF GARY R. GREGG

I, Gary R. Gregg, upon oath, depose and say as follows:

1. I am currently Director and Executive Vice President of Liberty Mutual Insurance Company ("Liberty").

2. I have personal knowledge of the matters set forth in this affidavit.

3. In my capacity as Director and Executive Vice President of Liberty, I oversee the Commercial Market Strategic Business Unit of Liberty Mutual Group, which includes the National, Business, Wausau, Specialty Risk, and Group Market operating units. These operating units provide lines of insurance for commercial property, auto, liability, and workers' compensation. Over ten thousand people work in these operating units, serving over ten thousand customers throughout the country.

4. In my capacity as Director and Executive Vice President of Liberty, I have overall responsibility for the operating units described above. The functional day-to-day processes and operations of these units are performed and managed by others in the organization. While I have some knowledge about many aspects of these operating units,

my knowledge about any particular part of these units is not unique or superior to that of other employees in the company with day-to-day responsibilities for these units.

5. I have recently been informed that one of my operating units, in May 1999, issued a workers' compensation policy to The Phineas Corporation ("Phineas"), which is the defendant in the above-captioned matter. I had no involvement with the issuance of that policy or any security arrangements related to that policy.

6. In or about July 2004, I received a copy of a subpoena purportedly issued to me by Phineas in connection with the above-captioned case. A copy of that subpoena is attached hereto as Exhibit A.

7. I have reviewed Exhibit A, hereto. I have no personal knowledge of the issues raised in the Complaint or the Answer, both of which are attached to Exhibit A. In particular, I have had no involvement in any discussions or disputes related to the policy issued to Phineas, any security arrangements made with Phineas, the issuance of any bond on Phineas' behalf, or the dispute between Phineas and plaintiff Swiss Reinsurance America Corporation ("SwissRe") regarding the replacement of any bond or other security.

8. Given my extensive responsibilities at Liberty, it would be unduly burdensome for me to appear for deposition in this matter, as I have no personal knowledge about the issues raised in the above-captioned case.

Signed under the pains and penalties of perjury this 21st day of July, 2004.

Gary R. Gregg

I hereby certify that a true copy of the above document was served upon the attorney of record for each other party (attachments via overnight mail only) by mail/hand/facsimile on: 7/22/04

2